UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
**SERGE KANNON**,

                     Plaintiff,                  **MEMORANDUM AND ORDER**
                                              22-CV-4097 (AMD) (VMS)

        -against-

**WARRANTY PROTECTION SERVICES** and
**CARGUARD ADMINISTRATION**,

                  Defendants.
-----------------------------------------------------------------x
**ANN M. DONNELLY**, United States District Judge:

        On June 13, 2022, the *pro se* plaintiff filed his complaint in the Kings County Civil Court

(Index No. CV-9719-22/KI), alleging a violation of the Telephone Consumer Protection Act

("TCPA"), 47 U.S.C. § 227 *et seq.*, against defendants Warranty Protection Services and

CarGuard Administration.  (ECF No. 1-1.)  On July 13, 2022, the defendants removed the case to

this Court, and on July 20, 2022, they moved to dismiss the complaint pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure.  (ECF Nos. 1, 6.)  The plaintiff opposed the motion.

(ECF No. 12.)  For the reasons that follow, I grant the defendants' motion to dismiss, and give

the plaintiff leave to file an amended complaint.

**BACKGROUND**[1]

        In his complaint, the plaintiff simply alleges "3 violations of TCPA to my cell phone,"

for which he seeks $7,800 in damages.  (ECF No. 1-1.)  In his opposition to the defendants'

---

[1] The facts are taken from the complaint and the plaintiff's opposition to the motion.  When a plaintiff proceeds *pro se*, a court "may consider new facts raised in opposition papers to the extent that they are consistent with the complaint, treating the new factual allegations as amending the original complaint." *Davila v. Lang*, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018) (citing *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013)).  For purposes of this motion, I accept as true the factual allegations in the complaint and the opposition papers and draw all reasonable inferences in the plaintiff's favor.  *See Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012).

motion to dismiss, the plaintiff adds, "On 2/22/2022, 5:43 pm EST, the Defendants placed a sales call to my cell phone number . . . from [a] spoofed phone number . . . using an automatic telephone dialing system and prerecorded message."  (ECF No. 12.)  He also alleges that "upon making [his] claim known to defendants, defendants provided 'opt-in' information from 'The Smart Insurance,' a company who sent multiple text messages in violation of 47 U.S.C. section 227."  (*Id.*)  The plaintiff says that "these text messages came with other text messages from the same affiliate marketing network who has sent over 300 unsolicited, uninvited text messages." (*Id.*)  However, it appears that The Smart Insurance sent only "a total of three text messages" to the plaintiff's phone.  (*Id.*)  The plaintiff lists three different phone numbers, with accompanying dates, times and URLs, and claims that he received "over 100 illegal text messages" that did not "identify the sender, contain any contact information, or respect my 'stop' text response."  (*Id.*)

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Hogan v. Fischer*, 738 F.3d 509, 514 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted).  Although detailed factual allegations are not required, the pleading standard "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Because the plaintiff is proceeding *pro se*, the Court holds his complaint "to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted), and interprets his pleadings liberally "to raise the strongest arguments that they suggest." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003); *see also Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).  Nevertheless, "a complaint's allegations must . . .  at least 'permit the court to infer more than the mere possibility of misconduct.'" *Richardson v. City of New York*, No. 17-CV-9447, 2019 WL 1512646, at *2 (S.D.N.Y. Apr. 8, 2019) (quoting *Iqbal*, 556 U.S. at 679).

## DISCUSSION

The TCPA "proscribes abusive telemarketing practices by, among other things, imposing restrictions on making calls with an 'automatic telephone dialing system.'" *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1167 (2021).  In relevant part, 47 U.S.C. § 227 provides, "[i]t shall be unlawful . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone." "The term 'automatic telephone dialing system' ["ATDS"] means equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." *Id.* § 227(a)(1).  A text message "qualifies as a 'call' within the compass of the TCPA." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016).

"To state a claim under the TCPA, a plaintiff must allege that: (1) a call was placed to a cell or wireless phone; (2) by the use of any automatic dialing system [and/or leaving an artificial or prerecorded message] and (3) without prior consent of the recipient." *Ford v. Bluestem Brands, Inc.*, No. 18-CV-2695, 2019 WL 1046367, at *3 (S.D.N.Y. Mar. 5, 2019) (citation

omitted).  Violations of the TCPA "need not be pled with particularity."  *McCabe v. Caribbean Cruise Line, Inc.*, No. 13-CV-6131, 2014 WL 3014874, at *4 (E.D.N.Y. July 3, 2014).  However, a "bare allegation that defendants used an ATDS is not enough."  *Shcherb v. Angi Homeservices Inc.*, No. 19-CV-367, 2019 WL 5538030, at *1 (S.D.N.Y. Oct. 25, 2019) (internal quotations omitted).  Although the plaintiff need not plead "specific technical details" of a defendants' alleged ATDS, he "must at least describe, in laymen's terms, the facts about the calls or the circumstances surrounding the calls that make it plausible that they were made using an ATDS." *Baranski v. NCO Fin. Sys., Inc.*, No. 13-CV-6349, 2014 WL 1155304, at *6 (E.D.N.Y. Mar. 21, 2014) (citing *Johansen v. Vivant, Inc.*, No. 12-CV-7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012)).

The plaintiff's factual allegations do not create an inference that the defendants used an ATDS or an "artificial or prerecorded voice."  The plaintiff cites "300 unsolicited, uninvited text messages," but does not say that he received all 300 messages, or that the defendants sent them. (ECF No. 12.)  Instead, he maintains that he received only three text messages from an "affiliate marketing network," The Smart Insurance.  (*Id.*) [2]  The plaintiff then identifies the "three illegal text messages" by phone number, date, time, and an accompanying URL.  (*Id.*)  It is not clear that any of these messages came from the defendants as opposed to The Smart Insurance, whose affiliation with the defendants is unknown.  (*Id.*)  The text messages were not sent by "short code" phone numbers, and the plaintiff identifies only three messages.  Moreover, since the plaintiff does not describe the content of the messages, there is no way to determine whether an ATDS was used to send the messages.

---

[2] At another point, the plaintiff alleges that he received "over 100 illegal test messages" from "the network."  (*Id.*)

Nor does the plaintiff raise an inference that an ATDS was used for the single phone call that he received from the defendants.  The plaintiff states that the defendants "[used] an automatic telephone number dialing system and prerecorded message.  This is a violation of 47 U.S.C. section 227(b)."  (ECF No. 12.)  To survive a motion to dismiss on a TCPA claim, "[t]he plaintiff must do more than simply reference the statute."  *Abdool v. Cap. One Bank USA*, No. 21-CV-4072, 2021 WL 4147191, at *4 (E.D.N.Y. Sept. 13, 2021).  The plaintiff does not describe the content of the call, state whether the message sounded prerecorded or artificial, or allege a volume of calls that would raise an inference that the defendants used an ATDS.  Accordingly, the plaintiff's TCPA claim must be dismissed.

## CONCLUSION

The defendants' motion to dismiss is granted.  Nevertheless, a court dismissing a *pro se* complaint should grant leave to amend freely, if "a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (alterations and quotation marks omitted).  Since it is possible that an amended complaint could support a claim under the TCPA, granting the plaintiff leave to amend his claim would not be futile.  In light of his *pro se* status, the plaintiff is given thirty days leave to file an amended complaint.  If he decides to amend his complaint, the plaintiff must allege specific facts about (1) the relationship between the defendants and The Smart Insurance, and (2) how the defendants communicated using an ATDS.

The amended complaint must bear the caption "Amended Complaint" and have the same docket number as this order ("22-CV-4097 (AMD) (VMS)").  The plaintiff is advised that an amended complaint completely replaces his previous complaint, so he must include in the

amended complaint all the necessary information to support his claims.  If the plaintiff does not file an amended complaint within that time, judgment dismissing this action will enter.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
        January 9, 2023

6